ROBERT THOMPSON *against* JOSEPH SUTTON.

ON CERTIORARI.

The Court of Common Pleas may, at the third term after filing the appeal, permit the transcript of a justice to be amended by affixing a seal thereto, provided no delay is occasioned thereby.

This cause was originally commenced before a justice of the peace, and a judgment rendered in favor of Thompson, whereupon Sutton appealed to the Court of Common Pleas of the county of Sussex. At the third term, after the coming in of the appeal, a motion was made on behalf of Thompson, the appellee, to dismiss the appeal, because the transcript of the justice's docket, sent up with the appeal, had no seal affixed thereto. The justice, in his certificate, had said, that the transcript was under his hand and seal, but there was no appearance of a wax or wafer to it. The court refused the motion of the appellee, and permitted the justice, who was in court at the time, to affix his seal to the said transcript; and at a subsequent term proceeded to try the appeal, and gave judgment against Thompson, whereupon he brought this *certiorari.*

*Vroom* now moved to reverse the judgment of the Common Pleas, because they proceeded to take cognizance of the appeal when there was no record before them. The transcript without a seal was of no validity. The Court of Common Pleas had no right to permit the justice to affix his seal at the time he did.

KIRKPATRICK, C. J. We send down records to the inferior courts to be perfected, every day, and why cannot the Court of Common Pleas.

*Vroom.* I believe no amendment or alteration can be made, unless a rule is taken for that purpose at the term to which the appeal is returned.

KIRKPATRICK, C. J. The omission of the seal is a mere mistake, which, I think, may be amended. The ground of the rule, that the amendment should be made the first term, is merely to prevent delay. Here no delay was occasioned. There is no principle of law against the Common Pleas making a rule to amend, either the second or third term. We place it at the first term, in order to prevent delay. I see no injustice in allowing the amendment, and think it would be too rigid to reverse for that.

FORD, J. I believe these amendments depend upon the rules of the Courts of Common Pleas, and they have often admitted them to be made *instanter*, when the justice was present in court, and no delay would take place.

ROSSELL, J. concurred.

Judgment affirmed.